___ FILED      ___ ENTERED
___ LODGED    ___ RECEIVED

FEB 2 6 2007  LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

07-CV-00297-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware
corporation,

                Plaintiff,

        v.

TRESTON IRBY, RUSSEL NEAL and
MARCUS SANDERS,

                Defendants.

NO. 07-0297 JCC

**COMPLAINT**

Plaintiff Amazon.com, Inc. ("Amazon.com") alleges as follows:

## I.    PARTIES

1.    Plaintiff Amazon.com, Inc. ("Amazon.com), is a Delaware corporation with its principal place of business in Seattle, Washington.

2.    Defendant Treston Irby ("Irby") is an individual residing in the state of Connecticut.

3.    Defendant Russel Neal ("Neal") is an individual residing in the state of Texas.

4.    Defendant Marcus Sanders ("Sanders") is an individual residing in the state of Texas.

COMPLAINT - 1

ORIGINAL

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## II.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over this suit under 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

6.    Venue in this district is proper under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events giving rise to the claims occurred in this district.

## III.    FACTS

7.    Upon information and belief, Defendants Irby, Neal, and Sanders (collectively, "Defendants") were, along with Tony Thompson ("Thompson") and Roderick Clark ("Clark"), members of a band that toured and sold recordings under the name "Hi-Five." Thompson and Clark are not parties to this lawsuit.

8.    Upon information and belief, Thompson left Hi-Five and formed a new band for the purposes of recording albums and/or performing concerts.

9.    Upon information and belief, Thompson named his new band "Hi-Five."

10.    Upon information and belief, a dispute arose between Defendants and Thompson over the ownership of and the rights to use the name "Hi-Five."

11.    Upon information and belief, in 2005 Thompson and his band, using the name "Hi-Five," released a CD entitled "The Return."

12.    On November 23, 2005, Defendants filed suit in the United States District Court for the Southern District of New York, Civil Action No. 05-cv-9935, alleging breach of contract against Thompson, and a variety of state and federal trademark violations, both statutory and common law, against Thompson, his new band mates, and a number of other parties, including Amazon.com. These allegations were made in spite of the fact that the only trademark registered by the Defendants was for the word mark "HI V" and that the "HI V" mark had been cancelled by the United States Patent and Trademark Office on October 20, 1997.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1    13.    On January 3, 2006, Defendants filed an amended complaint, adding several
2  additional parties as defendants.

3    14.    On February 1, 2006, Amazon.com answered the amended complaint,
4  denied all liability arising from the amended complaint, and asserted six affirmative
5  defenses.

6    15.    Shortly after Amazon.com answered the amended complaint, it entered into
7  settlement discussions with Irby, Neal and Sanders, the Defendants in this action.

8    16.    Amazon.com negotiated a settlement with the Defendants from its principal
9  place of business, i.e., Seattle, Washington.

10    17.    Pursuant to these negotiations, Irby, Neal and Sanders individually executed
11  releases in favor of Amazon.com, true and correct copies of which are attached as
12  "Exhibit A" to this pleading.

13    18.    In consideration for the releases identified in the preceding paragraph,
14  Amazon.com paid the Defendants $1,000.  Payment of this consideration was made from
15  Amazon.com's principal place of business, Seattle, Washington.

16    19.    As a result of the settlement reached between Amazon.com and the
17  Defendants, the parties stipulated that the claims against Amazon.com be dismissed with
18  prejudice.  This stipulation was signed by United States District Judge Laura Taylor
19  Swain on March 20, 2006 and was filed the same day.

20    20.    On February 14, 2007, Defendants, through their attorney, Chris Brown,
21  directed, by facsimile, a letter to David Zapolsky (incorrectly spelled "Zapolski"), Vice
22  President and Associate General Counsel of Amazon.com (not Vice President, Legal
23  Department), at the head office of Amazon.com in Seattle, Washington.  A true and
24  correct copy of the letter and its attachments is attached as "Exhibit B" to this pleading.

25

COMPLAINT - 3

**ROHDE & VAN KAMPEN PLLC**
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

21.     Attached to the February 14, 2007 letter were seven pages allegedly printed from Amazon.com's website on the same date.

22.     The first webpage provided by the Defendants (page 3 of facsimilie transmission), allegedly shows that an original recording entitled "The Return" and authored by Hi-Five is available for purchase on the Amazon.com website.

23.     In addition to selling products over the internet, Amazon.com also acts as the facilitator of sales for third parties who wish to reach Amazon.com's large and established customer base. These third parties gain access to Amazon.com's customers through Amazon.com's "Marketplace" program.

24.     When third parties sell through the Marketplace program, Amazon.com does not own or sell the product in question, nor does Amazon.com play any role in the fulfillment of orders for the product in question. Amazon.com merely offers payment services to buyers. In exchange, it collects fees from participants in the Marketplace program.

25.     Pages 7 and 8 of the facsimile transmission allegedly show that seven copies of "The Return" were being marketed by third parties on the date of the printout. With respect to each copy, the identity of the seller is clearly stated. Amazon.com has no connection with or control over any of the named sellers.

26.     When Amazon.com learned that third parties were allegedly selling "The Return" though its Marketplace program, Amazon.com removed the allegedly infringing items from its website.

27.     The Marketplace program is managed from Amazon.com's head office in Seattle, Washington. Likewise, the directive to block sales of "The Return" came from Amazon.com's head office in Seattle, Washington.

28.    The February 14, 2007 letter demands payment of $100,000, presumably in exchange for a second release or settlement agreement covering the period between March 20, 2006 and February 14, 2007.  By making this offer in Washington, defendants purposely availed themselves of a business opportunity in this state and, accordingly, the protection of this state's laws.

29.    The February 14, 2007 letter alleges that the releases executed in March, 2006 were conditioned on Amazon.com agreeing to refrain from specific acts after the date of the release: "As a condition of my clients (sic.) willingness to afford Amazon.com a release, Amazon.com agreed not to infringe the mark."

30.    The February 14, 2007 letter further alleges a breach of the alleged agreement: "Amazon.com has breached our understanding."

31.    Based on the litigation history of the Defendants and their past willingness to sue Amazon.com, the February 14, 2007 letter created a reasonable apprehension on the part of Amazon.com that it would be sued if it did not forward payment of $100,000 to the Defendants to settle their breach of contract claims.

## IV.    CAUSE OF ACTION FOR DECLARATORY JUDGMENT

32.    The allegations contained in paragraphs 12 through 31 are realleged as if fully set forth herein.

33.    This Court has the authority under 28 U.S.C. § 2201(b) to render a declaratory judgment on the rights and legal relationship between Amazon.com and the Defendants because there is an "actual controversy within its jurisdiction." An "actual controversy" exists because Amazon.com has a "reasonable apprehension" that it faces an imminent lawsuit if it does not relent to the Defendants' demands.  The controversy is "within its jurisdiction" due to the fact that a both jurisdiction and venue are proper under 28 U.S.C. § 1332 and 28 U.S.C. § 1391(a)(2), respectively.

34.     Based on the provisions of the releases, this Court should find that no further performance was required or expected from Amazon.com and that Amazon.com's performance was complete upon the payment of consideration, the receipt and sufficiency of which were expressly acknowledged by each of the Defendants.

35.     Because no further performance was due under the terms of the contract, this Court should find that no act or omission on the part of Amazon.com could be the basis for a breach of contract claim.

36.     Accordingly, in the interests of judicial economy, this Court should declare that Amazon.com's performance under the releases is complete and that no claim based on an alleged breach of the releases may be brought in any court in the United States, whether state or federal.

## REQUEST FOR RELIEF

Amazon.com requests that this Court grant the following relief:

A.      That this Court declare and enter a judgment to the effect that Amazon.com had no further duty to defendants Irby, Neal and Sanders after the releases were executed and that no claim for breach of contract may arise from said releases;

B.      That Amazon.com be awarded its attorney fees, expenses and costs; and

C.      Any further relief as this Court deems just and proper.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  DATED this 22⁴ day of February, 2007.

2                           **ROHDE & VAN KAMPEN** PLLC

3

4          By: _____
                Al Van Kampen, WSBA No. 13670
5               Lee H. Rousso, WSBA No. 33340
                Attorneys for Plaintiff Amazon.com, Inc.
6               Rohde & Van Kampen PLLC
                1001 Fourth Avenue, Suite 4050
7               Seattle, Washington 98154-1000
                Phone: (206) 386-7353
8               Fax: (206) 405-2825
                Email: avk@rohdelaw.com; lrousso@rohdelaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 7